# Exhibit A

**SCHMIERER LAW GROUP, LLC**
Ross H. Schmierer, Esquire
Attorney I.D. No. 036352002
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Tel: (856) 259-4800

**LAW OFFICES OF TODD M. FRIEDMAN**
Todd M. Friedman, Esquire
(Pro Hac Vice Application Forthcoming)
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Tel: (323) 306-4236

*Attorneys for the Plaintiff*
*and the Putative Class*

| | |
|---|---|
| SYLVIA CIAPINSKA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TINDER, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY - LAW DIVISION<br><br>Civil Action<br><br>Docket No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

1.     Plaintiff SYLVIA CIAPINSKA brings this action individually and on behalf of all others similarly situated for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of TINDER, INC., in appropriating the likeness of Plaintiff and those similarly situated without their consent for Defendant's benefit. Plaintiff further alleges on behalf of herself and all others similarly situated that Defendant's deceptive conduct constitutes an unconscionable commercial practice under the New Jersey Consumer Fraud Act ("NJCFA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

2.     Plaintiff SYLVIA CIAPINSKA (hereinafter "Plaintiff"), at all times mentioned

herein was, a citizen and resident of the County of Bergen, State of New Jersey.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by N.J.S.A. § 56:8-1(d).

3.      Plaintiff is informed and believes, and thereon alleges, that TINDER, INC. (hereinafter "Defendant") is, and at all times mentioned herein was, a corporation of the State of Delaware, which maintains its principal place of business in the State of California.  Defendant is and at all times mentioned herein was a "person" as defined by N.J.S.A. § 56:8-1(d).  At all relevant times, Defendant conducted business throughout the State of New Jersey and within this judicial district.

4.      The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

6.       During or about 2018, Plaintiff signed up and created an account on Defendant's

dating platform, Tinder.

7.     During or about 2019, Plaintiff was permanently banned from Tinder without explanation.

8.     Plaintiff was confused about why she was banned because she had barely used her account since signing up.

9.     Plaintiff sent an email to Defendant's designated email address for user help asking why she had been banned, but Defendant never responded.

10.     On or about December 1, 2022, Plaintiff received a direct message on Instagram from a friend warning Plaintiff that there was someone using Plaintiff's pictures on Tinder.

11.     Plaintiff's friend then sent Plaintiff screenshots of a Tinder profile using the name "Gloria".  However, "Gloria's" profile pictures were actually photos of Plaintiff.[1]

12.     Plaintiff was immediately unsettled by this unknown individual using Plaintiff's likeness without her knowledge or consent.

13.     Plaintiff became horrified when she noticed that the "Gloria" profile had been "verified" by Defendant.

14.     Plaintiff accessed Defendant's website, which provided the following directions for such verification: "Photo Verification consists of one simple step: taking a video selfie. You will receive "Photo Verified" status if the person in your video selfie passes both the Liveness check and 3D Face Authentication step."[2]

---

[1] True and accurate screenshots of the falsely verified "Gloria" account using Plaintiff's photos are attached hereto as Exhibit A and B.

[2] A screenshot of Defendant's website as it existed when Plaintiff viewed it is attached hereto as Exhibit C.

15.     Defendant's website further stated, "The Liveness Check scans the face in your video and helps us determine whether the video was taken by a real, live person, and that it was not digitally altered or manipulated." *See* Ex. C.

16.     Defendant's website explained its "3D Face Authentication" step as follows: "3D Face Authentication detects your face in your video selfie and your profile photos, and extracts facial geometries using facial recognition technology to generate a unique number or facial geometry "template."" *See Id.*

17.     The individual who created the "Gloria" account was able to take public photos from Plaintiff's Instagram account and successfully pass this verification process. *See* Ex. A and B.

18.     Defendant's Photo Verification process does nothing to verify the user's identity—it lacks the capability to detect whether a selfie was actually taken by the user at the time they seek verification. Rather, as Plaintiff's experience proved, it simply compares the stolen public photos against other stolen public photos.

19.     Accordingly, Defendant's platform gives its users the false impression that these "verified" users, who are most likely scammers, have been confirmed as real and authentic.

20.     Defendant makes money from its users by selling subscription tiers offering certain benefits, including unlimited likes, removal of advertisements, and the ability to message someone prior to "matching" with them.

21.     Defendant also touts the reliability and accuracy of its Photo Verification, stating on its website: "Photo Verification lets you prove you're the person in your photos. When you see people on the Tinder app with a blue checkmark, it means they're the real deal."[3]

---

[3] https://tinder.com/about (last accessed 09/20/2023).

22.     Defendant further references its Photo Verification as an important safety feature, claiming on its website that "[f]eatures like Photo Verification encourage more informed decisions on Tinder, so we appreciate your support in keeping Tinder a safer space to meet new people!"[4]

23.     In actuality, Defendant's Photo Verification process does nothing to make its users safer. Defendant's misrepresentations about the legitimacy of its verification process subject users who pay money for the benefit of matching with, interacting with, and potentially meeting offline with, the "verified" user, who is really a scammer using an innocent person's photos.

24.     Scammers can easily exploit Defendant's Photo Verification feature by following the pattern of a typical "catfish" scheme. First, they match with someone and strike up a conversation. Once they have done so, they quickly suggest moving onto another chat platform. After making their target comfortable and gaining a certain level of trust, they begin to ask questions about their target's personal life, employment, and finances. This is to gain information which may be exploited by convincing the target to voluntarily send the scammer money, disclose their sensitive personal information, or click on a link containing malware.

25.     In the case of "Gloria," Plaintiff's friend briefly exchanged messages with the person behind the account on Tinder before he was contacted on Telegram by someone named "Joanna" who was using a different picture of Plaintiff on their account.[5]

26.     "Joanna" began to suggest that Plaintiff's friend uninstall the Tinder app on multiple occasions.[6]

---

[4] https://www.help.tinder.com/hc/en-us/articles/360034941812-Photo-Verification (last accessed 09/20/2023).
[5] A true and accurate screenshot of this interaction is attached hereto as Exhibit D.

27.     Shortly after moving their conversation to Telegram, "Joanna" began to ask Plaintiff's friend odd questions about personal finances, including whether he had investments in cryptocurrency.[7]

28.     At one point, "Joanna" also mentioned that her "good friend" had his money stolen and was left with nothing.[8] This is typical of a "catfish" or romance scam, in which the scammer appeals to their target's emotional sensibilities by claiming that they have suffered a catastrophic event and need immediate financial help.

29.     Moreover, Defendant's deceptive practice subjects the person whose likeness is being used by scammers to potential harm.

30.     For instance, if a user was victimized by a scam, felt emotionally scorned by a falsely "verified" account, or became irrationally attached to a fake account Defendant guaranteed to be "the real deal," the person whose pictures were used without their knowledge could become vulnerable to false criminal or civil allegations, or even worse, vulnerable to cyberstalking and/or violence.

31.     To date, unknown individuals continue to use Plaintiff's photos to match with Defendant's users under the false impression that they are Plaintiff.

32.     During or about March of 2023, Plaintiff found another falsely verified Tinder account, this time using photos of Plaintiff's friend.

33.     As a result of Defendant's false advertising and deceptive business practices, Plaintiff has suffered substantial damage to her reputation caused by scammers posing as Plaintiff online.

---

[6] True and accurate screenshots of these interactions are attached hereto as Exhibits E and F.
[7] A true and accurate screenshot of this interaction is attached as Exhibit G.
[8] A true and accurate screenshot of this interaction is attached as Exhibit H.

34.     Plaintiff will suffer imminent further harm to her reputation and her right of publicity, as Defendant has no safeguards in place to prevent "Gloria," or any other falsely verified profile, from requesting large sums of money from users under false pretenses, catfishing users who believe they are interacting with Plaintiff, or committing any number of other unconscionable acts.

35.     Defendant profits from the deceptive business practices and misrepresentations alleged herein while providing no benefit to consumers like Plaintiff.

## <u>CLASS ALLEGATIONS</u>

36.     <u>Class Definition:</u> Plaintiff brings this action as a class action pursuant to Rule 4:32, on behalf of herself and all members of the following proposed Class:

37.     The Class is defined as follows:

> All individuals within the State of New Jersey who created an account on Defendant's platform in the six years prior to the filing of this Complaint through the date of Judgment in this action.

38.     The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

39.     The exact number and identities of the persons who fit within the Class are contained in Defendant's records and may be easily ascertained from those records.

40.     The proposed class is composed of at least 50 persons.

41.     Common questions of law and fact exist as to each class member.

42.     All claims in this action arise exclusively from the deceptive business practices and misrepresentations of Defendant as outlined herein.

43.     No violations alleged in this complaint are a result of any individualized interaction of any kind between the Class members and Defendant or anyone else.

44.     There common questions of law and fact affecting the rights of the Class members include, but are not necessarily limited to, the following:

a.  Whether Defendant used or employed deception, false pretense, misrepresentation, or knowingly omitted any material fact relating to its Photo Verification feature with the intent to induce the reliance of Plaintiff and the Class members;

b.  Whether Defendant used or employed such means in connection with the sale or advertisement of services to the public;

c.  Whether Defendant's business practices violated N.J.S.A. § 58:8, *et seq.*; and

d.  The extent of Plaintiff's and the Class members' damages from Defendant's violations.

45.     Plaintiff is a member of the Class she seeks to represent.

46.     The claims of Plaintiff are not only typical of all class members, they are identical.

47.     All claims of Plaintiff and the Class arise from the same course of conduct, false advertising, and misrepresentations as outlined herein.

48.     All claims of Plaintiff and the Class are based on the exact same legal theories.

49.     Plaintiff seeks the same relief for herself as for every other Class member.

50.     Plaintiff has no interest antagonistic to, nor in conflict with, the Class.

51.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

52.     Defendant has acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive and declaratory relief for the Class as a whole.

53.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would confront Defendant with incompatible standards of conduct.

54.    Adjudications with respect to individual members of the Class would as a practical matter be dispositive of the interest of other members not parties to the adjudications and would substantially impair or impede their ability to protect their interests.

55.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

56.    Common questions will predominate, and there will be no unusual manageability issues.

**COUNT I**
**(APPROPRIATION OF LIKENESS)**
**On Behalf of Plaintiff**

57.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.    As alleged herein, Defendant appropriated Plaintiff's likeness.

59.    Specifically, Defendant used a falsely advertised "Photo Verification" process to legitimize a fraudulent account for its own commercial benefit, namely the revenue gained through user subscriptions used to interact with said fraudulent account.

60.    As a result of Defendant's appropriation of her likeness, Plaintiff has suffered substantial harm to her interest in privacy and the right to control her own publicity.

61.    Plaintiff has further experience significant emotional distress caused by the uncertainty of knowing who is using her likeness on Defendant's platform for malicious purposes.

62.    As a result, Plaintiff is entitled to compensatory damages for the harm caused by Defendant's appropriation of her likeness, and injunctive relief ordering Defendant to remove all

images of Plaintiff from its platform and any users who attempt to use Plaintiff's likeness in the future.

**<u>COUNT II</u>**
**(NEW JERSEY CONSUMER FRAUD ACT)**
**On Behalf of Plaintiff and the Class**

63.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64.    As alleged with specificity herein, Defendant's conduct against Plaintiff and the Class members violates the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, which declares unlawful the "use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise [] whether or not any person has in fact been misled, deceived or damaged thereby."

65.    As alleged with specificity herein, Defendant's conduct against Plaintiff and the Class members also constitutes a violation of N.J.S.A. § 56:8-2.2, which declares it an unlawful to advertise services to the public "as part of a plan or scheme not to sell the item or service so advertised…"

66.    As a result of Defendant's unlawful business practices, Plaintiff and the Class members are entitled to a refund of any sums Defendant obtained through its unlawful activities, three times their actual damages from such activities, and recovery of their reasonable attorneys' fees and costs.

67.     Plaintiff and the Class further seek an order enjoining Defendant's further use of its "Photo Verification" feature and any further advertising containing misrepresentations of the feature's capabilities.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant the following relief against Defendant:

a.     Certify a class action pursuant to Rule 4:32 and appoint Plaintiff and her counsel to represent the Class;

b.     Declare and find that Defendant violated N.J.S.A § 56:8-2;

c.     Declare and find that Defendant violated N.J.S.A. § 56:8-2.2;

d.     Award Plaintiff and the Class all damages to which they are entitled for Defendant's violations of the New Jersey Consumer Fraud Act, including a refund of all sums obtained through unlawful activities and three times their actual damages from such violations;

e.     Award Plaintiff compensatory damages for Defendant's appropriation of her likeness;

f.     Award all costs, expenses and attorneys' fees, with appropriate enhancement, incurred in prosecuting this claim;

g.     Award pre-judgment and post-judgment interest at the highest rates allowed by law;

h.     Injunctive relief in the form of an order directing Defendant to comply with New Jersey law and such other and further legal and equitable relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: September 27, 2023

**SCHMIERER LAW GROUP, LLC**

By:      *s/ Ross H. Schmierer*
          Ross H. Schmierer, Esq.

## **NOTICE TO ATTORNEY GENERAL OF ACTION**

A copy of the Complaint will be mailed to the Attorney General of the State of New

Jersey within ten days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

Dated: September 27, 2023

**SCHMIERER LAW GROUP, LLC**

By:      *s/ Ross H. Schmierer*
          Ross H. Schmierer, Esq.

## **Rule 4:5-1 CERTIFICATION**

1.      I am licensed to practice law in New Jersey and am responsible for the

captioned matter.

2.      I am aware of no other matter currently filed or pending in any court in

any jurisdiction which may affect the parties or matters described herein.

Dated: September 27, 2023

**SCHMIERER LAW GROUP, LLC**

By:      *s/ Ross H. Schmierer*
          Ross H. Schmierer, Esq.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Ross H. Schmierer, Esquire, of the law firm of the Schmierer Law Group, LLC, is

hereby designated trial counsel.

Dated: August 3, 2022

**SCHMIERER LAW GROUP, LLC**

By:     *<u>s/ Ross H. Schmierer</u>*
          Ross H. Schmierer, Esq.

## DEMAND TO PRESERVE EVIDENCE

1.     Defendant is hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff, to plaintiff's causes of action and /or prayers for relief, to any defense to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites, (including, but not limited to, Facebook, Twitter, etc.) and any other information and/or data and/or things and and/or documents which may be relevant to any claim or defense in this litigation.

2.     Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**SCHMIERER LAW GROUP, LLC**

By:     *s/ Ross H. Schmierer*
        Ross H. Schmierer, Esq.

# Gloria ✔️🏹❤️

👤 Straight Woman

## About Me

A good woman is a woman who puts a man at ease and a man who satisfies a woman is a good man

( ☾ Pisces )    ( 💬 Better in person )

( 💬 Time together )    ( 🐾 Dog )


( 🚭 Non-smoker )    ( @ Influencer status )



**3:57**   ▪ ▪ ▪ 5G 🔋

**Tinder > A Guide To Tinder > Profile and Account
Settings**



# How Does Photo Verification Work?

Photo Verification consists of one simple step: taking a
video selfie. You will receive "Photo Verified" status if the
person in your video selfie passes both the Liveness
Check and 3D Face Authentication step.

The Liveness Check scans the face in your video and
helps us determine whether the video was taken by a real,
live person, and that it was not digitally altered or
manipulated. 3D Face Authentication detects your face in
your video selfie and your profile photos, and extracts
facial geometries using facial recognition technology to
generate a unique number or facial geometry "template."
These templates are used to help check whether the
person in your video selfie is the same person as in your
profile photos.



AA   🔒 help.tinder.com   ↻

<   >        ⬆️        📖        ⧉











# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005188-23

**Case Caption:** CIAPINSKA SYLVIA  VS TINDER, INC.

**Case Initiation Date:** 09/27/2023

**Attorney Name:** ROSS H SCHMIERER

**Firm Name:** SCHMIERER LAW GROUP LLC

**Address:** 3000 ATRIUM WAY STE 200

MOUNT LAUREL NJ 08054

**Phone:** 8562594800

**Name of Party:** PLAINTIFF : Ciapinska, Sylvia

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**

**transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Sylvia Ciapinska?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   Customer

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/27/2023
Dated

/s/ ROSS H SCHMIERER
Signed

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM


                          DATE:   SEPTEMBER 27, 2023
                          RE:     CIAPINSKA SYLVIA  VS TINDER, INC.
                          DOCKET: BER L -005188 23


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.


     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE MANAGING JUDGE ASSIGNED IS:  HON MARY F. THURBER


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (201) 221-0700.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                          ATTENTION:
                              ATT: ROSS H. SCHMIERER
                              SCHMIERER LAW GROUP LLC
                              3000 ATRIUM WAY
                              STE 200
                              MOUNT LAUREL    NJ 08054


ECOURTS
```

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **TODD FRIEDMAN SBN 216752**<br>**Law Offices of Todd M. Friedman,PC**<br>**21031 Ventura Blvd. #340**<br>**Woodland Hills, CA 91364**<br>ATTORNEY FOR  **Plaintiff** | **(323) 306-4236** | |

| SUPERIOR COURT OF NEW JERSEY, COUNTY OF BERGEN<br>10 Main Street<br>Hackensack, NJ 07601 | |
|---|---|

SHORT TITLE OF CASE:
Ciapinska, Sylvia v. Tinder, Inc.

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>BER-L-005188-23 |
|---|---|---|---|
| **Proof of Service** | | | Ref. No. or File No: |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the:

   **Summons; Complaint; Notice of Assignment**

2. Party Served: **Tinder Inc.**

3. Address: **1999 Bryan St #900 Dallas, TX 75201**

   On: **11/14/2023**          At: **12:32 PM**

4. I served the Party named in item 2, by personally serving agent:
   **Omotayo Adeshiyan (Gender: F Age: 25 Height: 5'6" Weight: 140 Race: Black Hair: black Other: )**
   **Agent for CT Corporation who is the Registered Agent for Match Group, LLC**

5. A declaration of diligence and/or mailing is attached, if applicable.

Person attempting service:

   a. Name: **Stephen C. Buskirk**
   b. Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**
   c. Telephone number: **909-664-9577**
   d. The fee for this service was: **150.00**

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.



_____        PSC 1987
Stephen C. Buskirk        Date: **11/15/2023**

---

Proof of Service        Invoice #: 8575476



## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Laurie Braddock, Senior Director, Legal Affairs<br>Match<br>8750 N CENTRAL EXPY<br>DALLAS, TX 75231-6436 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Match Group, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SYLVIA CIAPINSICA, on behalf of herself and all others similarly situated vs. TINDER, INC. |
| **CASE #:** | BERL00518823 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/14/2023 at 12:32 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Laurie Braddock  laurie.braddock@match.com |
| | Email Notification,  Norma Rivera  norma.rivera@match.com |
| | Email Notification,  Jeanette Teckman  jeanette.teckman@match.com |
| | Email Notification,  Nathan Lyons  nathan.lyons@match.com |
| | Email Notification,  Sue Csizmadia  sue.csizmadia@match.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Tue, Nov 14, 2023
**Server Name:**     Stephen Buskirk

| Entity Served | MATCH GROUP, LLC |
|---|---|
| Case Number | BER L 005188-23 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



*SCHMIERER*

*11-14-23*

**SCHMIERER LAW GROUP, LLC**
Ross H. Schmierer, Esquire
Attorney I.D. No. 036352002
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Tel: (732) 588-8688

*Attorneys for the Plaintiff
and the Putative Class*

**LAW OFFICES OF TODD M. FRIEDMAN**
Todd M. Friedman, Esquire
(Pro Hac Vice Application Forthcoming)
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Tel: (323) 306-4236

| | |
|---|---|
| SYLVIA CIAPINSKA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TINDER, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY - LAW DIVISION<br><br>Civil Action<br><br>Docket No.: BER L 005188-23<br><br>**SUMMONS** |

**From The State of New Jersey
To the Defendant(s) named above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/ prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_Jennifer M. Perez_

JENNIFER M. PEREZ
Clerk of the Superior Court

Dated: September 29, 2023

**Name of Defendant to be served:**
Tinder, Inc.

**Address of Defendant to be served:**
8750 N. Central Exp., Suite 1400,
Dallas, TX 75231